

1  G. Thomas Martin, III, Esq. (SBN 218456)
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401
   Los Angeles, CA  90025
3  T: (323) 988-2400; F: (866) 802-0021
   tmartin@consumerlawcenter.com
4
   Attorneys for Plaintiff, JENNIFER CORDOVA
5

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10
   JENNIFER CORDOVA                    )   Case No. C09-04209
11                                      )
                                        )
           Plaintiff,                   )   VERIFIED COMPLAINT AND DEMAND
12                                      )   FOR JURY TRIAL
       vs.                              )
13                                      )   (Unlawful Debt Collection Practices)
   NORTHSTAR LOCATION SERVICES,         )
14 LLC,                                 )   Demand Does Not Exceed $10,000
           Defendant.                   )
15 _____  )

16

17                    **COMPLAINT**

18      COMES NOW the Plaintiff, JENNIFER CORDOVA ("Plaintiff"), by and through her

19 attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant,

20 NORTHSTAR LOCATION SERVICES, LLC, alleges and affirmatively states as follows:

21                    **INTRODUCTION**

22      1.      The United States Congress has found abundant evidence of the use of abusive,

23 deceptive, and unfair debt collection practices by many debt collectors, and has determined that

24 abusive debt collection practices contribute to the number of personal bankruptcies, to marital

25 instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

   Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

                              - 1 -

abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2.     The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3.     Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of NORTHSTAR LOCATION SERVICES, LLC, (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.     For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

5.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

VERIFIED COMPLAINT

6.    Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

7.    Venue is proper pursuant to 28 U.S.C. 1391(b)(1) and (2).

8.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9.    Plaintiff is a natural person who resides in the City of Oakland, County of Alameda, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10.    Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a company with its principal place of business in Buffalo, County of Erie, State of New York.

12.    Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

/ / /

VERIFIED COMPLAINT

## FACTUAL ALLEGATIONS

14. Defendant has placed constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

15. Defendant called Plaintiff at 619-987-5942.

16. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered.

17. Defendant failed to meaningfully disclose its identity.

18. Defendant failed to identify itself as a debt collector.

19. Defendant failed to provide a debt validation letter.

## COUNT I

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

21. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

   b. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message.

   c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector

   d. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in

- 4 -

subsequent communications that the communication was from a debt collector.

   e.  Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21.   As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. (See Exhibit "A").

## COUNT II

### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

22.   Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

23.   Defendant violated the RFDCPA based on the following:

   a.  Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone

- 5 -

VERIFIED COMPLAINT

1    calls without meaningful disclosure of the caller's identity.

2            b.      Defendant violated the *§1788.17* of the RFDCPA by continuously failing

3    to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et*

4    *seq.*

5        24.     As a consequence of Defendant's foregoing actions, Plaintiff has suffered from

6    emotional distress (See Exhibit "A").

7        **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

8    Defendant for the following:

9        25. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA,

10   and Federal Act, FDCPA.

11       26. Actual damages.

12       27. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b).

13       28. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

14       29. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ Code §

15   1788.30(c) and the Federal Act, 15 U.S.C. 1692k.

16       30. Any other relief that this court deems to be just and proper.

17                           RESPECTFULLY SUBMITTED,

18   DATED:  August 28, 2009          KROHN & MOSS, LTD.

19

20                   By:   _____

21                         G. Thomas Martin, III
                           Attorney for Plaintiff

22                           **DEMAND FOR JURY TRIAL**

23       PLEASE TAKE NOTICE that Plaintiff, JENNIFER CORDOVA, demands trial by jury

24   in this action.

25

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

    Plaintiff, JENNIFER CORDOVA, says as follows:

1.    I am the Plaintiff in this civil proceeding.
2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.    Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, JENNIFER CORDOVA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATED: _8-27-09_ _____

                     JENNIFER CORDOVA, PLAINTIFF

- 7 -

VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## EXHIBIT A

VERIFIED COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1.  Sleeplessness — **YES** / NO
2.  Fear of answering the telephone — **YES** / NO
3.  Nervousness — **YES** / NO
4.  Fear of answering the door — YES / **NO**
5.  Embarrassment when speaking with family or friends — **YES** / NO
6.  Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7.  Chest pains — YES / **NO**
8.  Feelings of hopelessness, pessimism — **YES** / NO
9.  Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — YES / **NO**
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:_____

_____
_____
_____
_____
_____

　　　　Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-27-09

_____
Signed Name

JENNIFER CORDOVA
Printed Name